# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NANNIE N. PREECE,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1749**  (BOR Appeal No. 2046145)
(Claim No. 2008034861)

**HEALTH MANAGEMENT ASSOCIATES OF WV, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nannie N. Preece, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Health Management Associates of WV, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2011, in which the Board affirmed a July 1, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed two claims administrator decisions. The October 9, 2009, decision granted Ms. Preece a 3% permanent partial disability award for her lumbar spine. The August 20, 2009, decision granted Ms. Preece a 6% permanent partial disability award for her left shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Preece worked as a nurse at Health Management Associates of WV, Inc. On March 9, 2008, she injured her left shoulder, neck, and lower back while lifting a combative patient. Her claim was held compensable for those injuries. Ms. Preece then received an independent medical evaluation from Dr. Walker. Dr. Walker found 10% whole person impairment for Ms. Preece's left shoulder and 8% impairment for her lumbar spine for a combined 17% whole person impairment rating. Dr. Walker noted that, since Ms. Preece had a prior work-related injury, her

whole person impairment rating should be adjusted to account for her prior injuries. On August 20, 2009, based on Dr. Walker's report and Ms. Preece's prior 4% award, the claims administrator granted Ms. Preece a 6% permanent partial disability award for her left shoulder. On October 9, 2009, the claims administrator granted Ms. Preece a 3% permanent partial disability award for her lumbar spine, based on Dr. Walker's recommendation and Ms. Preece's prior 5% award. Following the claims administrator's decisions, Ms. Preece was evaluated by Dr. Guberman, who found a 17% whole person impairment rating for her left shoulder, after apportioning for her prior injuries. Dr. Guberman also found 8% whole person impairment, following apportionment, for Ms. Preece's lumbar spine. Ms. Preece was also evaluated by Dr. Mukkamala, who found 6% impairment for her left shoulder and 2% impairment for her lumbar spine. On July 1, 2011, the Office of Judges affirmed the August 20, 2009, and October 9, 2009, decisions of the claims administrator. The Board of Review then affirmed the Order of the Office of Judges on December 21, 2011, leading Ms. Preece to appeal.

The Office of Judges concluded that Ms. Preece was entitled to a 6% permanent partial disability award for her left shoulder and a 3% permanent partial disability award for her lumbar spine. Although the Office of Judges considered the recommendations of Dr. Guberman, it determined that Dr. Guberman's report was invalid. The Office of Judges first found that Dr. Guberman mistakenly placed Ms. Preece's lumbar injury in a higher impairment category even though there was no evidence of lumbar radiculopathy and she had only been found compensable for a lumbar sprain. The Office of Judges also found that Dr. Guberman's apportionment for her prior injuries was inconsistent with the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). The Office of Judges determined that Dr. Guberman's apportionment artificially inflated the impairment rating and provided a double recovery for Ms. Preece's previous injuries. The Office of Judges found that Dr. Mukkamala properly apportioned his impairment rating to reflect Ms. Preece's prior injuries and his methodology was consistent with the American Medical Association's *Guides*. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Ms. Preece has not presented reliable evidence that demonstrates she is entitled to greater than a 6% permanent partial disability award for her left shoulder and greater than 3% permanent partial disability award for her lumbar spine. The Office of Judges properly found that the recommendation of Dr. Guberman was invalid and inconsistent with the American Medical Association's *Guides*. Ms. Preece has not presented any other evidence to demonstrate that she is entitled to a greater permanent partial disability award for either her left shoulder or her lumbar spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II